**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARA WONG, | No. 09-15846 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00042-FCD-DAD |
| v. | |
| PAPE MACHINERY, INC., an Oregon corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted March 11, 2010[**]
San Francisco, California

Before: FERNANDEZ, THOMAS and CALLAHAN, Circuit Judges.

Cara Wong ("Wong") appeals the district court's grant of Pape Machinery's

("Pape") motion for summary judgment in this diversity case, which alleges

disability discrimination in violation of the California Fair Employment and

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 *et seq*. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Canyon Ferry Rd. Baptist Church of East Helena, Inc. v. Unsworth*, 556 F.3d 1021, 1027 (9th Cir. 2009). We affirm the district court.[1]

1.     FEHA prohibits an employer from discriminating against a disabled employee who can perform the essential duties of her position. Cal. Gov't Code § 12940(a)(1). California courts evaluate disability discrimination claims via a three-step burden shifting analysis. *Scotch v. Art Inst. of California*, 173 Cal. App. 4th 986, 1004 (2009) (internal citations omitted). First, the employee establishes a prima facie case of discrimination by showing she (1) was a member of a protected class; (2) was qualified for the job; and (3) suffered an adverse employment action due to disability. *Id*. Second, the employer must rebut the resulting presumption of discrimination by showing that it acted for a legitimate, non-discriminatory reason. *Id*. Finally, the plaintiff must show that the employer's reasons are pretextual. *Id*.

2.     Assuming that Wong established her prima facie case, Pape adequately rebutted the resulting presumption of discrimination by showing that it

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

terminated Wong, and did not replace her, as part of a significant, financially-driven reduction-in-force. Wong has not identified pretext sufficient to create a triable issue of fact material to Pape's motivation in terminating her. The district court properly granted summary judgment against Wong on her FEHA discrimination theory.

3. FEHA requires that an employer accommodate an employee's known disability, unless the accommodation would pose undue hardship to the employer. Cal. Gov't Code § 12940(m). No authority appears to support Wong's contention that Pape should have continued to accommodate her after its non-discriminatory decision to terminate her. *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916-19 (9th Cir. 1997). Since Wong's requested accommodation is not reasonable, Pape need not demonstrate the affirmative defense of undue hardship. *See Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1226-27 (2006). The district court properly granted summary judgment against Wong on her FEHA reasonable accommodation theory.

4. FEHA requires that an employer engage in an interactive process with a disabled employee, on request, to determine a reasonable accommodation. Cal. Gov't Code § 12940(n). Wong's interactive process claim fails because FEHA does not require an employer to reasonably accommodate an employee after

termination for a non-discriminatory reason, there is no evidence that Wong requested Pape to engage in the interactive process prior to her termination, and she failed to set forth her interactive process claim prior to summary judgment. *See Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal. App. 4th 952, 983-84 (2008); *Wysinger v. Auto. Club of S. California*, 157 Cal. App. 4th 413, 424-25 (2007). The district court properly granted summary judgment against Wong on her FEHA interactive process theory.

5. Wong has failed to raise and argue her remaining causes of action in her opening brief. We thus deem them abandoned. *See Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007).

Accordingly, the judgment of the district court is **AFFIRMED**.